### JAY McGREGOR v. THE STATE.

1. AGGRAVATED ASSAULT.—In article 488 of the Penal Code (Pasc. Dig., art. 2150), defining aggravated assaults, the word *child* is not synonymous with the word *minor*, nor used to indicate a person within the age of legal minority.   Not being specially defined in the Code, it is to be taken and construed in the sense in which it is understood in common language, taking into consideration the context and subject-matter.

2. SAME — CHARGE OF THE COURT. — Information charged an adult with aggravated assault on a child, and alleged no other circumstance of aggravation.   *Held,* error to instruct the jury to convict in case they found that the assault was made under other circumstances of aggravation than the one alleged.

APPEAL from the County Court of Lamar.     Tried below before the Hon. S. C. BRYSON.

The " child " in this case was a youth of fourteen years of age, weighing 125 pounds, or more.   If several of the witnesses are to be believed, he deserved all he got, for shameful talk about a female schoolmate.   However, the jury mulct the appellant in a fine of $200, and the court below refused a new trial.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J.    The appellant and another were prosecuted, by information, for an aggravated assault and battery alleged to have been committed upon one William Edmondson, the assailants being averred to be adult males and the assaulted party a child.    On the trial it was shown in evidence that the assaulted party was of the age of fourteen years and upwards.

The court charged the jury, among other things, to the effect following :

"If you should find that he did commit an assault upon him, he, the defendant, being an adult male person, and the party a child under the age of twenty-one years, or that the assault was made in a manner or with an instrument calculated to inflict disgrace, or that he did him some serious bodily injury; you will find him guilty of an aggravated assault."

This charge, as well as other portions of the charge given, and also an instruction asked by the defendant and refused by the court — to the effect that a child, under the statute, is a person of tender years, one who has not arrived at the strength and age of manhood — indicate that the trial proceeded on the idea that the term *child* was synonymous with *minor*.

One of the circumstances under which an assault or battery becomes aggravated, under the provisions of the Code, is "when committed by an adult male upon the person of a female, or child, or by an adult female upon the person of a child."

An assault may become aggravated under other circumstances, but from the prominence given to the idea that the

assaulted party came within the description mentioned in the statute under the denomination of *child*, we are led to conclude that this idea preponderated in the mind of the court, and necessarily had a controlling influence upon the finding of the jury; or that it, at any rate, was so intimately connected with other portions of the charge that we are unable to separate it so as to determine its precise effect. And it may be well to note, in this connection, that the information does not charge, as one of the circumstances of aggravation, that the assault was made by means such as inflicts disgrace; and for this reason the charge was incorrect.

In the absence of any such guide, we are of opinion that that portion of the law set out must have been enacted for the purpose of protecting the weak, and the weaker sex, against the strong, and this object becomes the more evident by that portion which renders an assault aggravated when committed by an adult female upon a child. Ordinarily, the object would not be attained by construing the word *child*, in either case mentioned, to extend to and include any and all persons under twenty-one years of age; as, on the one hand, there would not ordinarily be any such disparity between the strength of a person twenty years and six months old and of one twenty-one years and three months old, or between one at the age of twenty and an adult female, as that the law could take hold of and act upon it. Hence we conclude that the term *child* must be construed to have the meaning affixed to it which it has in common parlance, or as understood in common language, and that the charge which held it to mean any one who had not attained the full age of twenty-one years was erroneous; and having been excepted to at the time, and an effort having been made to correct it by an additional instruction, and the action having been assigned as error, we are not at liberty to pass it unnoticed, although we might deem the charge amply sustained by the evidence.

" Except when a word, term, or phrase is specially defined, all words used in this Code are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject-matter relative to which they are employed." Penal Code, art. 28 (Pasc. Dig., art. 1630). The word " child " is mentioned in the Code, and is not specially defined therein ; and,.therefore, there must be affixed to it the sense and meaning in which it is understood in common language.

The court also erred in permitting the prosecuting witness to testify to what the other boys said when he told them of his conversation, as shown by bill of exceptions taken at the time.

For these errors the judgment is reversed and the cause remanded.

*Reversed and remanded.*